# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | **Case No.  1:24-cv-1251** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Waterbear Global LLC,** | (1) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendant.** | (2) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)** |
| | (3) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (4) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | (6) **COMMON LAW UNFAIR COMPETITION;** |
| | (7) **COMMON LAW MISAPPROPRIATION; AND** |
| | (8) **UNJUST ENRICHMENT; AND** |
| | (9) – (90) **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.** |
| | |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Waterbear Global LLC ("Waterbear"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Waterbear Global LLC is a company organized and existing under the laws of the State of Texas with a principal place of business at 2100 Conn Creek Road, Cedar Park, Texas 78613.

### Jurisdiction and Venue

3.      This is an action for trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, and patent infringement.

4.       This complaint arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); the Texas Business & Commerce Code; federal common law and state common law, including the law of Texas, and the Patent Act, 35 U.S.C. § 1, *et seq*.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a).

6.      This Court has personal jurisdiction over Waterbear because, *inter alia*, Waterbear is a company organized and existing under the laws of the State of Texas. This Court also has personal jurisdiction over Waterbear because, *inter alia*, Waterbear has a principal place of business in the State of Texas and in this District. This Court also has personal jurisdiction over Waterbear because, *inter alia*, Waterbear is purposefully and intentionally availing itself of the

privileges of doing business in the State of Texas, including in this District. For example, Waterbear has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, and Waterbear's unlawful acts that give rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

## General Allegations – YETI's Intellectual Property

8.      For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its insulated drinkware products, including its 20 oz. Rambler® Tumblers, 30 oz. Rambler® Tumblers, 10 oz. Rambler® Lowballs, 18 oz. Rambler® Water Bottles, 36 oz. Rambler® Water Bottles, 64 oz. Rambler® Water Bottles, 12 oz. Rambler® Jr. Kids Water Bottles, Rambler® 12 oz. Colster® Can Coolers, Rambler® 14 oz. Mugs, Rambler® Magslider™ Lids, and Rambler® Bottle Straw Caps. YETI has invested substantial resources into the research, design, and development of these products. YETI's research, design, and development have led to many innovative product designs, including designs at issue in this lawsuit.

9.      YETI created unique, distinctive, and non-functional designs to use with YETI's Rambler® drinkware. YETI has extensively and continuously promoted and used these design for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's Rambler® drinkware. YETI's designs have also acquired substantial secondary meaning in the marketplace

3

and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its Rambler® drinkware designs.

10.     YETI has enjoyed significant sales of its Rambler® drinkware throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Rambler® drinkware. The design and features of YETI's Rambler® products have received widespread and unsolicited public attention. For example, Rambler® drinkware products have been featured in numerous newspaper, magazine, and internet articles.

11.     The designs of the Rambler® drinkware have distinctive and non-functional features that identify to consumers that the origin of the drinkware, caps, lids, and/or beverage holders is YETI. As a result of at least YETI's continuous and exclusive use of the designs of the Rambler® drinkware, YETI's marketing, advertising, and sales of its Rambler® drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the design and appearance of its Rambler® drinkware, which consumers have come to uniquely associate with YETI.

12.     Exemplary images of YETI 20 oz. Rambler® Tumblers are shown below:

**Illustration 1: Exemplary Images of YETI 20 oz. Rambler® Tumblers**



13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz.

Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

14.     Exemplary images of YETI 30 oz. Rambler® Tumblers are shown below:

**Illustration 2: Exemplary Images of YETI 30 oz. Rambler® Tumblers**



15.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile and the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the sidewall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

16.     Exemplary images of YETI Rambler® Lowballs are shown below:

**Illustration 3: Exemplary Images of YETI 10 oz. Rambler® Lowballs**



17.     YETI has trade dress rights in the overall look, design, and appearance of the YETI

Rambler® Lowball, which includes the design and appearance of the curves and lines in the YETI

Rambler® Lowball; the design and appearance of the profile of the YETI Rambler® Lowball; the

design and appearance of the walls of the YETI Rambler® Lowball; the design and appearance of

the rim of the YETI Rambler® Lowball; the design, appearance, and placement of the style line

around the base of the YETI Rambler® Lowball; the design, appearance, and placement of the tab

on the lid of the YETI Rambler® Lowball; the design, appearance, and placement of the drinking

opening on the lid of the YETI Rambler® Lowball; the design, appearance, and placement of the

top plane of the lid of the YETI Rambler® Lowball; the design, appearance, and placement of the

side walls of the lid of the YETI Rambler® Lowball; the color contrast and color combinations of the YETI Rambler® Lowball and the tumbler lid on the YETI Rambler® Lowball; and the relationship of these features to each other and to other features.

18.     Exemplary images of YETI 18 oz. Rambler® Water Bottles are shown below:



**Illustration 4: Exemplary Images of YETI 18 oz. Rambler® Water Bottles**

19.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 18 oz. Rambler® Water Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 18 oz. Rambler® Water Bottle; the design and appearance of the profile of the YETI 18 oz. Rambler® Water Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Water Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Water Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Water Bottle; the design, appearance, and placement of the taper in the lid of the YETI 18 oz. Rambler® Water Bottle; the design, appearance, and placement of the handle on the lid of the YETI 18 oz. Rambler® Water Bottle; the design, appearance, and placement of the top plane of the lid of the YETI 18 oz. Rambler® Water Bottle; the design, appearance, and placement

of the side walls of the lid of the YETI 18 oz. Rambler® Water Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Water Bottle and the lids of the YETI 18 oz. Rambler® Water Bottle; and the relationships of these features to each other and to other features.

20.     Exemplary images of YETI 36 oz. Rambler® Water Bottles are shown below:

**Illustration 5: Exemplary Images of YETI 36 oz. Rambler® Water Bottles**



21.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Water Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Water Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Water Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Water Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the taper in the lid of the YETI 36 oz. Rambler®

Water Bottle; the design, appearance, and placement of the handle on the lid of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the top plane of the lid of the YETI 36 oz. Rambler® Water Bottle; the design, appearance, and placement of the side walls of the lid of the YETI 36 oz. Rambler® Water Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Water Bottle and the lids of the YETI 36 oz. Rambler® Water Bottle; and the relationships of these features to each other and to other features.

22.     Exemplary images of YETI 64 oz. Rambler® Water Bottles are shown below:

**Illustration 6: Exemplary Images of YETI 64 oz. Rambler® Water Bottles**



23.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 64 oz. Rambler® Water Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 64 oz. Rambler® Water Bottle; the design and appearance of the profile of the YETI 64 oz. Rambler® Water Bottle; the design and appearance of the walls of the YETI 64 oz. Rambler® Water Bottle; the design and appearance of the rim of the YETI 64 oz. Rambler® Water Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 64 oz. Rambler® Water Bottle; the design, appearance, and placement of the upper portion, mid

portion, and bottom portion of the side wall of the YETI 64 oz. Rambler® Water Bottle; the design,

appearance, and placement of the style line around the base of the YETI 64 oz. Rambler® Water

Bottle; the design, appearance, and placement of the taper in the lid of the YETI 64 oz. Rambler®

Water Bottle; the design, appearance, and placement of the handle on the lid of the YETI 64 oz.

Rambler® Water Bottle; the design, appearance, and placement of the top plane of the lid of the

YETI 64 oz. Rambler® Water Bottle; the design, appearance, and placement of the side walls of

the lid of the YETI 64 oz. Rambler® Water Bottle; the color contrast and color combinations of

the YETI 64 oz. Rambler® Water Bottle and the lids of the YETI 64 oz. Rambler® Water Bottle;

and the relationships of these features to each other and to other features.

24.     Exemplary images of YETI 12 oz. Rambler® Jr. Kid's Water Bottle are shown

below:

| Illustration 7: Exemplary Images of YETI 12 oz. Rambler® Jr. Kid's Water Bottle |
| --- |



25.     YETI has trade dress rights in the overall look, design, and appearance of the YETI

12 oz. Rambler® Jr. Kid's Water Bottle, which includes the design and appearance of the curves,

12

tapers, and lines in the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design and appearance of the profile of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design and appearance of the walls of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design and appearance of the rim of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the style line around the base of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the taper in the lid cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the handle on the cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the design, appearance, and placement of the nozzle of the cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; the color contrast and color combinations of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle and the cap of the YETI 12 oz. Rambler® Jr. Kid's Water Bottle; and the relationship of these features to each other and to other features.

26.    Exemplary images of YETI Rambler® 12 oz. Colster® Can Coolers are shown below:

13

**Illustration 8: Exemplary Images of YETI Rambler® 12 oz. Colster® Can Coolers**



27.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Colster® Can Cooler, which includes the design and appearance of the curves and lines in the YETI Rambler® Colster® Can Cooler; the design and appearance of the profile of the YETI Rambler® Colster® Can Cooler; the design and appearance of the walls of the YETI Rambler® Colster® Can Cooler; the design and appearance of the rim of the YETI Rambler® Colster® Can Cooler; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler® Colster® Can Cooler; the design, appearance, and placement of the side walls of the upper band of the YETI Rambler® Colster® Can Cooler; the color contrast and color combinations of the YETI Rambler® Colster® Can Cooler and the upper band of the YETI Rambler® Colster® Can Cooler; and the relationship of these features to each other and to other features.

28.     Exemplary images of YETI Rambler® 14 oz. Mugs are shown below:

**Illustration 9: Exemplary Images of YETI Rambler® 14 oz. Mugs**



29.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® 14 oz. Mug, which includes the design and appearance of the curves in the YETI Rambler® 14 oz. Mug; the design and appearance of the profile of the YETI Rambler® 14 oz. Mug; the design and appearance of the walls of the YETI Rambler® 14 oz. Mug; the design and appearance of the rim of the YETI Rambler® 14 oz. Mug; the design, appearance, and placement of the handle of the YETI Rambler® 14 oz. Mug; the design, appearance, and placement of the tab on the lid of the YETI Rambler® 14 oz. Mug; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler® 14 oz. Mug; the design, appearance, and placement of the top plane of the lid of the YETI Rambler® 14 oz. Mug; the design, appearance,

and placement of the side walls of the lid of the YETI Rambler® 14 oz. Mug; the color contrast and the color combinations of the YETI Rambler® 14 oz. Mug and the lid of the YETI Rambler® 14 oz. Mug; and the relationship of these features to each other and to other features.

30.   As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Rambler® drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

31.   YETI also owns patents related to its drinkware designs.  For example, YETI owns U.S. Design Patent No. D839,677 ("the '677 Patent"), U.S. Design Patent No. D839,676 ("the '676 Patent"), U.S. Design Patent No. D842,038 ("the '038 Patent"), U.S. Design Patent No. D839,049 ("the '049 Patent"), U.S. Design Patent No. D774,837 ("the '837 Patent"), U.S. Design Patent No. D790,285 ("the '0285 Patent"), U.S. Design Patent No. D794,397 ("the '4397 Patent"), U.S. Design Patent No. D795,019 ("the '019 Patent"), U.S. Design Patent No. D795,020 ("the '020 Patent"), U.S. Design Patent No. D799,907 ("the '907 Patent"), U.S. Design Patent No. D804,254 ("the '254 Patent"), U.S. Design Patent No. D805,852 ("the '852 Patent"), U.S. Design Patent No. D823,068 ("the '068 Patent"), U.S. Design Patent No. D824,218 ("the '218 Patent"), U.S. Design Patent No. D878,874 ("the '874 Patent"), U.S. Design Patent No. D919,377 ("the '377 Patent"), U.S. Design Patent No. D960,659 ("the '659 Patent"), U.S. Design Patent No. D1,039,340 ("the '9340 Patent"), U.S. Design Patent No. D831,436 ("the '436 Patent"), U.S. Design Patent No. D856,757 ("the '757 Patent"), U.S. Design Patent No. D784,775 ("the '775 Patent"), U.S. Design Patent No. D799,906 ("the '906 Patent"), U.S. Design Patent No. D807,126 ("the '126 Patent"), U.S. Design Patent No. D960,661 ("the '661 Patent"), U.S. Design Patent No.

D804,256 ("the '256 Patent"), U.S. Design Patent No. D807,125 ("the '125 Patent"), U.S. Design Patent No. D823,646 ("the '646 Patent"), U.S. Design Patent No. D875,479 ("the '479 Patent"), U.S. Design Patent No. D899,870 ("the '870 Patent"), U.S. Design Patent No. D941,638 ("the '638 Patent"), U.S. Design Patent No. D783,367 ("the '367 Patent"), U.S. Design Patent No. D783,368 ("the '368 Patent"), U.S. Design Patent No. D823,069 ("the '069 Patent"), U.S. Design Patent No. D1,038,705 ("the '705 Patent"), U.S. Design Patent No. D781,662 ("the '662 Patent"), U.S. Design Patent No. D774,363 ("the '363 Patent"), U.S. Design Patent No. D799,908 ("the '908 Patent"), U.S. Design Patent No. D803,632 ("the '632 Patent"), U.S. Design Patent No. D804,255 ("the '255 Patent"), U.S. Design Patent No. D819,410 ("the '410 Patent"), U.S. Design Patent No. D922,152 ("the '152 Patent"), U.S. Design Patent No. D943,357 ("the '357 Patent"), U.S. Design Patent No. D782,881 ("the '881 Patent"), U.S. Design Patent No. D788,544 ("the '544 Patent"), U.S. Design Patent No. D820,650 ("the '650 Patent"), U.S. Design Patent No. D872,542 ("the '542 Patent"), U.S. Design Patent No. D889,913 ("the '913 Patent"), U.S. Design Patent No. D1,038,706 ("the '706 Patent"), U.S. Design Patent No. D882,343 ("the '343 Patent"), U.S. Design Patent No. D899,862 ("the '862 Patent"), U.S. Design Patent No. D1,011,842 ("the '842 Patent"), all related to drinkware; U.S. Design Patent No. D752,397 ("the '2397 Patent"), U.S. Design Patent No. D779,285 ("the '9285 Patent"), U.S. Design Patent No. D779,892 ("the '892 Patent"), U.S. Design Patent No. D780,530 ("the '530 Patent"), U.S. Design Patent No. D780,531 ("the '531 Patent"), U.S. Design Patent No. D780,532 ("the '532 Patent"), U.S. Design Patent No. D780,533 ("the '533 Patent"), U.S. Design Patent No. D786,025 ("the '025 Patent"), U.S. Design Patent No. D826,003 ("the '003 Patent"), U.S. Design Patent No. D829,058 ("the '058 Patent"), U.S. Design Patent No. D888,505 ("the '505 Patent"), U.S. Design Patent No. D920,746 ("the '746 Patent"), all related to beverage holders; U.S. Design Patent No. D760,586

("the '586 Patent"), U.S. Design Patent No. D843,212 ("the '3212 Patent"), U.S. Design Patent No. D780,577 ("the '577 Patent"), U.S. Design Patent No. D781,145 ("the '145 Patent"), U.S. Design Patent No. D781,146 ("the '146 Patent"), U.S. Design Patent No. D812,970 ("the '970 Patent"), U.S. Design Patent No. D821,809 ("the '809 Patent"), U.S. Design Patent No. D811,162 ("the '162 Patent"), U.S. Design Patent No. D808,713 ("the '713 Patent"), U.S. Design Patent No. D821,135 ("the '135 Patent"), U.S. Design Patent No. D815,893 ("the '893 Patent"), U.S. Design Patent No. D824,212 ("the '4212 Patent"), U.S. Design Patent No. D751,338 ("the '338 Patent"), U.S. Design Patent No. D751,339 ("the '339 Patent"), U.S. Design Patent No. D761,619 ("the '619 Patent"), U.S. Design Patent No. D751,340 ("the '1340 Patent"), U.S. Design Patent No. D751,341 ("the '341 Patent"), U.S. Design Patent No. D1,022,597 ("the '597 Patent"), and U.S. Design Patent No. D1,009,564 ("the '564 Patent"), all related to caps and lids.

32.     The '677 Patent is titled "Cup." On February 5, 2009, the '677 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '677 Patent. A copy of the '677 Patent is attached as Exhibit 1. An exemplary figure from the '677 Patent is shown below:

| Illustration 10: Exemplary Figure from the '677 Patent |
| :---: |
|  |

33.     The '676 Patent is titled "Cup." On February 5, 2009, the '676 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '676 Patent. A copy of the '676 Patent is attached as Exhibit 2. An exemplary figure from the '676 Patent is shown below:

| Illustration 11: Exemplary Figure from the '676 Patent |
| --- |
|  |

34.     The '038 Patent is titled "Cup." On March 5, 2019, the '038 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '038 Patent. A copy of the '038 Patent is attached as Exhibit 3. An exemplary figure from the '038 Patent is shown below:

| Illustration 12: Exemplary Figure from the '038 Patent |
| --- |
|  |

35.    The '049 Patent is titled "Cup." On January 29, 2019, the '049 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '049 Patent. A copy of the '049 Patent is attached as Exhibit 4. An exemplary figure from the '049 Patent is shown below:

| Illustration 13: Exemplary Figure from the '049 Patent |
| :---: |
|  |

36.    The '837 Patent is titled "BOTTLE." On December 27, 2016, the '837 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '837 Patent. A copy of the '837 Patent is attached as Exhibit 5. An exemplary figure from the '837 Patent is shown below:

| Illustration 14: Exemplary Figure from the '837 Patent |
|---|
|  |

37.     The '0285 Patent is titled "Bottle." On June 27, 2017, the '0285 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '0285 Patent. A copy of the '0285 Patent is attached as Exhibit 6. An exemplary figure from the '0285 Patent is shown below:

| Illustration 15: Exemplary Figure from the '0285 Patent |
|---|
|  |

38.     The '4397 Patent is titled "Bottle." On August 15, 2017, the '4397 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '4397 Patent. A copy of the '4397 Patent is attached as Exhibit 7. An exemplary figure from the '4397 Patent is shown below:

| Illustration 16: Exemplary Figure from the '4397 Patent |
| :---: |
|  |

39.     The '019 Patent is titled "Bottle." On August 22, 2017, the '019 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '019 Patent. A copy of the '019 Patent is attached as Exhibit 8. An exemplary figure from the '019 Patent is shown below:

| Illustration 17: Exemplary Figure from the '019 Patent |
|---|
|  |

40.     The '020 Patent is titled "Bottle." On August 22, 2017, the '020 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '020 Patent. A copy of the '020 Patent is attached as Exhibit 9. An exemplary figure from the '020 Patent is shown below:

| Illustration 18: Exemplary Figure from the '020 Patent |
|---|
|  |

41.     The '907 Patent is titled "Bottle." On October 17, 2017, the '907 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '907 Patent. A copy of the '907 Patent is attached as Exhibit 10. An exemplary figure from the '907 Patent is shown below:

**Illustration 19: Exemplary Figure from the '907 Patent**



42.     The '254 Patent is titled "Bottle." On December 5, 2017, the '254 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '254 Patent. A copy of the '254 Patent is attached as Exhibit 11. An exemplary figure from the '254 Patent is shown below:

| Illustration 20: Exemplary Figure from the '254 Patent |
| :---: |
|  |

43.     The '852 Patent is titled "Bottle." On December 26, 2017, the '852 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '852 Patent. A copy of the '852 Patent is attached as Exhibit 12. An exemplary figure from the '852 Patent is shown below:

| Illustration 21: Exemplary Figure from the '852 Patent |
| :---: |
|  |

44. The '068 Patent is titled "Bottle." On July 17, 2018, the '068 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '068 Patent. A copy of the '068 Patent is attached as Exhibit 13. An exemplary figure from the '068 Patent is shown below:

| Illustration 22: Exemplary Figure from the '068 Patent |
|:---:|
|  |

45. The '218 Patent is titled "Bottle." On July 31, 2018, the '218 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '218 Patent. A copy of the '218 Patent is attached as Exhibit 14. An exemplary figure from the '218 Patent is shown below:

| Illustration 23: Exemplary Figure from the '218 Patent |
| :---: |
|  |

46.     The '874 Patent is titled "Bottle." On March 24, 2020, the '874 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '874 Patent. A copy of the '874 Patent is attached as Exhibit 15. An exemplary figure from the '874 Patent is shown below:

| Illustration 24: Exemplary Figure from the '874 Patent |
| :---: |
|  |

47. The '377 Patent is titled "Bottle." On May 18, 2021, the '377 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '377 Patent. A copy of the '377 Patent is attached as Exhibit 16. An exemplary figure from the '377 Patent is shown below:

| Illustration 25: Exemplary Figure from the '377 Patent |
| :---: |
|  |

48. The '659 Patent is titled "Bottle." On August 16, 2022, the '659 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '659 Patent. A copy of the '659 Patent is attached as Exhibit 17. An exemplary figure from the '659 Patent is shown below:

| Illustration 26: Exemplary Figure from the '659 Patent |
| --- |
|  |

49.     The '9340 Patent is titled "Bottle." On August 20, 2024, the '9340 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '9340 Patent. A copy of the '9340 Patent is attached as Exhibit 18. An exemplary figure from the '9340 Patent is shown below:

| Illustration 27: Exemplary Figure from the '9340 Patent |
| --- |
|  |

50.    The '436 Patent is titled "Bottle." On October 23, 2018, the '436 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '436 Patent. A copy of the '436 Patent is attached as Exhibit 19. An exemplary figure from the '436 Patent is shown below:

| Illustration 28: Exemplary Figure from the '436 Patent |
| :---: |
|  |

51.    The '757 Patent is titled "Bottle." On August 20, 2019, the '757 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '757 Patent. A copy of the '757 Patent is attached as Exhibit 20. An exemplary figure from the '757 Patent is shown below:

| Illustration 29: Exemplary Figure from the '757 Patent |
| --- |



52.     The '775 Patent is titled "Bottle." On April 25, 2017, the '775 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '775 Patent. A copy of the '775 Patent is attached as Exhibit 21. An exemplary figure from the '775 Patent is shown below:

| Illustration 30: Exemplary Figure from the '775 Patent |
| --- |



53.     The '906 Patent is titled "Bottle." On October 17, 2017, the '906 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest

to the '906 Patent. A copy of the '906 Patent is attached as Exhibit 22. An exemplary figure from the '906 Patent is shown below:

| Illustration 31: Exemplary Figure from the '906 Patent |
| --- |



54.     The '126 Patent is titled "Bottle." On January 9, 2018, the '126 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '126 Patent. A copy of the '126 Patent is attached as Exhibit 23. An exemplary figure from the '126 Patent is shown below:

| Illustration 32: Exemplary Figure from the '126 Patent |
| --- |



55.     The '661 Patent is titled "Bottle." On August 16, 2022, the '661 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '661 Patent. A copy of the '661 Patent is attached as Exhibit 24. An exemplary figure from the '661 Patent is shown below:

| Illustration 33: Exemplary Figure from the '661 Patent |
| :---: |
|  |

56.     The '256 Patent is titled "Bottle." On December 5, 2017, the '256 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '256 Patent. A copy of the '256 Patent is attached as Exhibit 25. An exemplary figure from the '256 Patent is shown below:

**Illustration 34: Exemplary Figure from the '256 Patent**



57.     The '125 Patent is titled "Bottle." On January 9, 2018, the '125 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '125 Patent. A copy of the '125 Patent is attached as Exhibit 26. An exemplary figure from the '125 Patent is shown below:

**Illustration 35: Exemplary Figure from the '125 Patent**



58.     The '646 Patent is titled "Bottle." On July 24, 2018, the '646 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '646 Patent. A copy of the '646 Patent is attached as Exhibit 27. An exemplary figure from the '646 Patent is shown below:

| Illustration 36: Exemplary Figure from the '646 Patent |
|:---:|
|  |

59.     The '479 Patent is titled "Bottle." On February 18, 2020, the '479 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '479 Patent. A copy of the '479 Patent is attached as Exhibit 28. An exemplary figure from the '479 Patent is shown below:

| Illustration 37: Exemplary Figure from the '479 Patent |
| :---: |
|  |

60.     The '870 Patent is titled "Bottle." On October 27, 2020, the '870 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '870 Patent. A copy of the '870 Patent is attached as Exhibit 29. An exemplary figure from the '870 Patent is shown below:

| Illustration 38: Exemplary Figure from the '870 Patent |
| :---: |
|  |

61.     The '638 Patent is titled "Bottle." On January 25, 2022, the '638 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest

to the '638 Patent. A copy of the '638 Patent is attached as Exhibit 30. An exemplary figure from the '638 Patent is shown below:

| Illustration 39: Exemplary Figure from the '638 Patent |
|:---:|
|  |

62.     The '367 Patent is titled "Bottle." On April 11, 2017, the '367 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '367 Patent. A copy of the '367 Patent is attached as Exhibit 31. An exemplary figure from the '367 Patent is shown below:

| Illustration 40: Exemplary Figure from the '367 Patent |
|:---:|
|  |

63.     The '368 Patent is titled "Bottle." On April 11, 2017, the '368 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '368 Patent. A copy of the '368 Patent is attached as Exhibit 32. An exemplary figure from the '368 Patent is shown below:

| Illustration 41: Exemplary Figure from the '368 Patent |
| :---: |
|  |

64.     The '069 Patent is titled "Bottle." On July 17, 2018, the '069 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '069 Patent. A copy of the '069 Patent is attached as Exhibit 33. An exemplary figure from the '069 Patent is shown below:

| Illustration 42: Exemplary Figure from the '069 Patent |
| :---: |
|  |

65.     The '705 Patent is titled "Bottle." On August 13, 2024, the '705 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '705 Patent. A copy of the '705 Patent is attached as Exhibit 34. An exemplary figure from the '705 Patent is shown below:

| Illustration 43: Exemplary Figure from the '705 Patent |
| :---: |
|  |

66.     The '662 Patent is titled "Bottle." On March 21, 2017, the '662 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '662 Patent. A copy of the '662 Patent is attached as Exhibit 35. An exemplary figure from the '662 Patent is shown below:

| Illustration 44: Exemplary Figure from the '662 Patent |
|:--:|
|  |

67.     The '363 Patent is titled "Bottle." On December 20, 2016, the '363 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '363 Patent. A copy of the '363 Patent is attached as Exhibit 36. An exemplary figure from the '363 Patent is shown below:

| Illustration 45: Exemplary Figure from the '363 Patent |
|---|
|  |

68.     The '908 Patent is titled "Bottle." On October 17, 2017, the '908 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '908 Patent. A copy of the '908 Patent is attached as Exhibit 37. An exemplary figure from the '908 Patent is shown below:

| Illustration 46: Exemplary Figure from the '908 Patent |
|---|
|  |

69.     The '632 Patent is titled "Bottle." On November 28, 2017, the '632 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '632 Patent. A copy of the '632 Patent is attached as Exhibit 38. An exemplary figure from the '632 Patent is shown below:

| Illustration 47: Exemplary Figure from the '632 Patent |
|:---:|
|  |

70.     The '255 Patent is titled "Bottle." On December 5, 2017, the '255 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '255 Patent. A copy of the '255 Patent is attached as Exhibit 39. An exemplary figure from the '255 Patent is shown below:

| Illustration 48: Exemplary Figure from the '255 Patent |
| :---: |
|  |

71.     The '410 Patent is titled "Bottle." On June 5, 2018, the '410 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '410 Patent. A copy of the '410 Patent is attached as Exhibit 40. An exemplary figure from the '410 Patent is shown below:

| Illustration 49: Exemplary Figure from the '410 Patent |
| :---: |
|  |

72.     The '152 Patent is titled "Bottle." On June 15, 2021, the '152 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to

the '152 Patent. A copy of the '152 Patent is attached as Exhibit 41. An exemplary figure from the '152 Patent is shown below:

| Illustration 50: Exemplary Figure from the '152 Patent |
|---|
|  |

73.     The '357 Patent is titled "Bottle." On February 15, 2022, the '357 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '357 Patent. A copy of the '357 Patent is attached as Exhibit 42. An exemplary figure from the '357 Patent is shown below:

| Illustration 51: Exemplary Figure from the '357 Patent |
|---|
|  |

74. The '881 Patent is titled "Bottle." On April 4, 2017, the '881 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '881 Patent. A copy of the '881 Patent is attached as Exhibit 43. An exemplary figure from the '881 Patent is shown below:

| Illustration 52: Exemplary Figure from the '881 Patent |
|:---:|
|  |

75. The '544 Patent is titled "Bottle." On June 6, 2017, the '544 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '544 Patent. A copy of the '544 Patent is attached as Exhibit 44. An exemplary figure from the '544 Patent is shown below:

| Illustration 53: Exemplary Figure from the '544 Patent |
|---|
|  |

76.     The '650 Patent is titled "Bottle." On June 19, 2018, the '650 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '650 Patent. A copy of the '650 Patent is attached as Exhibit 45. An exemplary figure from the '650 Patent is shown below:

| Illustration 54: Exemplary Figure from the '650 Patent |
|---|
|  |

77.     The '542 Patent is titled "Bottle." On January 14, 2020, the '542 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest

to the '542 Patent. A copy of the '542 Patent is attached as Exhibit 46. An exemplary figure from the '542 Patent is shown below:

| Illustration 55: Exemplary Figure from the '542 Patent |
|---|
|  |

78.     The '913 Patent is titled "Bottle." On July 14, 2020, the '913 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '913 Patent. A copy of the '913 Patent is attached as Exhibit 47. An exemplary figure from the '913 Patent is shown below:

| Illustration 56: Exemplary Figure from the '913 Patent |
|---|
|  |

79.     The '706 Patent is titled "Bottle." On August 13, 2024, the '706 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '706 Patent. A copy of the '706 Patent is attached as Exhibit 48. An exemplary figure from the '706 Patent is shown below:

| Illustration 57: Exemplary Figure from the '706 Patent |
|---|
|  |

80.     The '343 Patent is titled "Cup." On April 28, 2020, the '343 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '343 Patent. A copy of the '343 Patent is attached as Exhibit 49. An exemplary figure from the '343 Patent is shown below:

| Illustration 58: Exemplary Figure from the '343 Patent |
|---|
|  |

81.     The '862 Patent is titled "Cup." On October 27, 2020, the '862 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '862 Patent. A copy of the '862 Patent is attached as Exhibit 50. An exemplary figure from the '862 Patent is shown below:

| Illustration 59: Exemplary Figure from the '862 Patent |
|---|


82.     The '842 Patent is titled "Cup." On January 23, 2024, the '842 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '842 Patent. A copy of the '842 Patent is attached as Exhibit 51. An exemplary figure from the '842 Patent is shown below:

| Illustration 60: Exemplary Figure from the '842 Patent |
|---|


83.     The '2397 Patent is titled "Beverage Holder." On March 29, 2016, the '2397 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '2397 Patent. A copy of the '2397 Patent is attached as Exhibit 52. An exemplary figure from the '2397 Patent is shown below:

| Illustration 61: Exemplary Figure from the '2397 Patent |
| :---: |



84.     The '9285 Patent is titled "Beverage Holder." On February 21, 2017, the '9285 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '9285 Patent. A copy of the '9285 Patent is attached as Exhibit 53. An exemplary figure from the '9285 Patent is shown below:

**Illustration 62: Exemplary Figure from the '9285 Patent**



85.      The '892 Patent is titled "Beverage Holder." On February 28, 2017, the '892 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '892 Patent. A copy of the '892 Patent is attached as Exhibit 54. An exemplary figure from the '892 Patent is shown below:

**Illustration 63: Exemplary Figure from the '892 Patent**



86.      The '530 Patent is titled "Beverage Holder." On March 7, 2017, the '530 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title,

and interest to the '530 Patent. A copy of the '530 Patent is attached as Exhibit 55. An exemplary figure from the '530 Patent is shown below:

| **Illustration 64: Exemplary Figure from the '530 Patent** |
|:---:|
|  |

87.     The '531 Patent is titled "Beverage Holder." On March 7, 2017, the '531 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '531 Patent. A copy of the '531 Patent is attached as Exhibit 56. An exemplary figure from the '531 Patent is shown below:

| **Illustration 65: Exemplary Figure from the '531 Patent** |
|:---:|
|  |

88.     The '532 Patent is titled "Beverage Holder." On March 7, 2017, the '532 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '532 Patent. A copy of the '532 Patent is attached as Exhibit 57. An exemplary figure from the '532 Patent is shown below:

| Illustration 66: Exemplary Figure from the '532 Patent |
| :---: |



89.     The '533 Patent is titled "Beverage Holder." On March 7, 2017, the '533 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '533 Patent. A copy of the '533 Patent is attached as Exhibit 58. An exemplary figure from the '533 Patent is shown below:

| Illustration 67: Exemplary Figure from the '533 Patent |
| :---: |
|  |

90.     The '025 Patent is titled "Beverage Holder." On May 9, 2017, the '025 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '025 Patent. A copy of the '025 Patent is attached as Exhibit 59. An exemplary figure from the '025 Patent is shown below:

| Illustration 68: Exemplary Figure from the '025 Patent |
| :---: |
|  |

91.     The '003 Patent is titled "Beverage Holder." On August 21, 2018, the '003 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title,

and interest to the '003 Patent. A copy of the '003 Patent is attached as Exhibit 60. An exemplary figure from the '003 Patent is shown below:

| Illustration 69: Exemplary Figure from the '003 Patent |
| --- |



92.     The '058 Patent is titled "Beverage Holder." On September 25, 2018, the '058 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '058 Patent. A copy of the '058 Patent is attached as Exhibit 61. An exemplary figure from the '058 Patent is shown below:

| Illustration 70: Exemplary Figure from the '058 Patent |
| --- |



93.     The '505 Patent is titled "Beverage Holder." On June 30, 2020, the '505 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '505 Patent. A copy of the '505 Patent is attached as Exhibit 62. An exemplary figure from the '505 Patent is shown below:

| Illustration 71: Exemplary Figure from the '505 Patent |
| :---: |
|  |

94.     The '746 Patent is titled "Beverage Holder." On June 1, 2021, the '746 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '746 Patent. A copy of the '746 Patent is attached as Exhibit 63. An exemplary figure from the '746 Patent is shown below:

| Illustration 72: Exemplary Figure from the '746 Patent |
|---|
|  |

95.     The '586 Patent is titled "Lid." On July 5, 2016, the '586 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '586 Patent. A copy of the '586 Patent is attached as Exhibit 64. An exemplary figure from the '586 Patent is shown below:

| Illustration 73: Exemplary Figure from the '586 Patent |
|---|
|  |

96.     The '3212 Patent is titled "Lid." On March 19, 2019, the '3212 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to

the '3212 Patent. A copy of the '3212 Patent is attached as Exhibit 65. An exemplary figure from the '3212 Patent is shown below:

| Illustration 74: Exemplary Figure from the '3212 Patent |
|---|
|  |

97.    The '577 Patent is titled "Lid." On March 7, 2017, the '577 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '577 Patent. A copy of the '577 Patent is attached as Exhibit 66. An exemplary figure from the '577 Patent is shown below:

| Illustration 75: Exemplary Figure from the '577 Patent |
|---|
|  |

98.     The '145 Patent is titled "Lid." On March 14, 2017, the '145 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '145 Patent. A copy of the '145 Patent is attached as Exhibit 67. An exemplary figure from the '145 Patent is shown below:

| Illustration 76: Exemplary Figure from the '145 Patent |
| --- |



99.     The '146 Patent is titled "Lid." On March 14, 2017, the '146 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '146 Patent. A copy of the '146 Patent is attached as Exhibit 68. An exemplary figure from the '146 Patent is shown below:

| Illustration 77: Exemplary Figure from the '146 Patent |
| --- |



100.    The '970 Patent is titled "Lid." On March 20, 2018, the '970 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '970 Patent. A copy of the '970 Patent is attached as Exhibit 69. An exemplary figure from the '970 Patent is shown below:

| Illustration 78: Exemplary Figure from the '970 Patent |
|---|
|  |

101.    The '809 Patent is titled "Lid." On July 3, 2018, the '809 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '809 Patent. A copy of the '809 Patent is attached as Exhibit 70. An exemplary figure from the '809 Patent is shown below:

| Illustration 79: Exemplary Figure from the '809 Patent |
| :---: |
|  |

102.     The '162 Patent is titled "Lid." On February 27, 2018, the '162 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '162 Patent. A copy of the '162 Patent is attached as Exhibit 71. An exemplary figure from the '162 Patent is shown below:

| Illustration 80: Exemplary Figure from the '162 Patent |
| :---: |
|  |

103.     The '713 Patent is titled "Lid." On January 30, 2018, the '713 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to

the '713 Patent. A copy of the '713 Patent is attached as Exhibit 72. An exemplary figure from the '713 Patent is shown below:

| Illustration 81: Exemplary Figure from the '713 Patent |
| :---: |



104.     The '135 Patent is titled "Lid." On June 26, 2018, the '135 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '135 Patent. A copy of the '135 Patent is attached as Exhibit 73. An exemplary figure from the '135 Patent is shown below:

| Illustration 82: Exemplary Figure from the '135 Patent |
| :---: |



105.     The '893 Patent is titled "Lid." On April 24, 2018, the '893 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to

the '893 Patent. A copy of the '893 Patent is attached as Exhibit 74. An exemplary figure from the '893 Patent is shown below:

| Illustration 83: Exemplary Figure from the '893 Patent |
|:---:|
|  |

106.    The '4212 Patent is titled "Lid." On July 31, 2018, the '4212 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '4212 Patent. A copy of the '4212 Patent is attached as Exhibit 75. An exemplary figure from the '4212 Patent is shown below:

| Illustration 84: Exemplary Figure from the '4212 Patent |
|:---:|
|  |

107.    The '338 Patent is titled "Lid." On March 15, 2016, the '338 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '338 Patent. A copy of the '338 Patent is attached as Exhibit 76. An exemplary figure from the '338 Patent is shown below:

| Illustration 85: Exemplary Figure from the '338 Patent |
| :---: |
|  |

108.     The '339 Patent is titled "Lid." On March 15, 2016, the '339 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '339 Patent. A copy of the '339 Patent is attached as Exhibit 77. An exemplary figure from the '339 Patent is shown below:

| Illustration 86: Exemplary Figure from the '339 Patent |
| :---: |
|  |

109.     The '619 Patent is titled "Lid." On July 19, 2016, the '619 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '619 Patent. A copy of the '619 Patent is attached as Exhibit 78. An exemplary figure from the '619 Patent is shown below:

| Illustration 87: Exemplary Figure from the '619 Patent |
| --- |



110.    The '1340 Patent is titled "Lid." On March 15, 2016, the '1340 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '1340 Patent. A copy of the '1340 Patent is attached as Exhibit 79. An exemplary figure from the '1340 Patent is shown below:

| Illustration 88: Exemplary Figure from the '1340 Patent |
| --- |



111.    The '341 Patent is titled "Lid." On March 15, 2016, the '341 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '341 Patent. A copy of the '341 Patent is attached as Exhibit 80. An exemplary figure from the '341 Patent is shown below:

| Illustration 89: Exemplary Figure from the '341 Patent |
| :---: |



112.     The '597 Patent is titled "Container Lid." On April 16, 2024, the '597 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '597 Patent. A copy of the '597 Patent is attached as Exhibit 81. An exemplary figure from the '597 Patent is shown below:

| Illustration 90: Exemplary Figure from the '597 Patent |
| :---: |



113.     The '564 Patent is titled "Container Lid." On January 2, 2024, the '564 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '564 Patent. A copy of the '564 Patent is attached as Exhibit 82. An exemplary figure from the '564 Patent is shown below:

**Illustration 91: Exemplary Figure from the '564 Patent**



**General Allegations – Waterbear's Unlawful Activities**

114.    Waterbear has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to purposefully advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products that violate YETI's rights, including YETI's trade dress rights and patent rights. Waterbear's infringing products are confusingly similar imitations of YETI's products. Waterbear's actions have all been without the authorization of YETI.

115.    As discussed in more detail below, Waterbear is selling drinkware products that infringe YETI's trade dress rights. Waterbear is trying to confuse consumers into thinking that their drinkware products are associated with, sponsored by, or approved by YETI, when they are not. Waterbear is also selling drinkware products that infringe YETI's patent rights. Waterbear is not authorized to use YETI's patented designs. Waterbear's actions are unlawful, and they must stop. Waterbear must also compensate YETI for Waterbear's violations of the law.

116.    Waterbear's infringing products include the "Infringing Drinkware Products," *i.e.* its 20 oz. tumblers and lids (collectively, "20 oz. tumblers"), its 30 oz. tumblers and lids (collectively, "30 oz. tumblers"), its 10 oz. tumblers and lids (collectively, "10 oz. tumblers"), its 18 oz. bottles and lids (collectively, "18 oz. bottles"), its 36 oz. bottles and lids (collectively, "36

oz. bottles"), its 64 oz. bottles and lids (collectively, "64 oz. bottles"), its 14 oz. kids bottles and lids (collectively, "14 oz. bottles"), its can cooler, its 10 oz. mugs and lids (collectively, "10 oz. mugs"), as well Waterbear Gear's magnetic slider lid and straw lid products. Exemplary images of Waterbear's infringing products are shown on Waterbear's website, https://waterbearglobal.myshopify.com/, and exemplary images of Waterbear's infringing products are also shown below:

| Illustration 92: Exemplary Images of Waterbear's 20 oz. Tumbler and Magnetic Slider Lid |
|---|
|    |

**Illustration 93: Exemplary Images of Waterbear's 30 oz. Tumbler and Magnetic Slider Lid**








**Illustration 94: Exemplary Images of Waterbear's 10 oz. Tumbler and Magnetic Slider Lid**






**Illustration 95: Exemplary Images of Waterbear's 18 oz. Bottle and Straw Lid**

  

**Illustration 96: Exemplary Images of Waterbear's 36 oz. Bottle and Straw Lid**








**Illustration 97: Exemplary Images of Waterbear's 64 oz. Bottle and Straw Lid**

  

**Illustration 98: Exemplary Images of Waterbear's 14 oz. Bottle and Straw Lid**



**Illustration 99: Exemplary Image of Waterbear's Can Cooler**



**Illustration 100: Exemplary Images of Waterbear's 10 oz. Mug and Magnetic Slider Lid**





**Illustration 101: Exemplary Images of Waterbear's Magnetic Slider Lids**





**Illustration 102: Exemplary Images of Waterbear's Straw Lid for Its Bottles**

  

117.    Waterbear markets its magnetic slider lids as products that "fit" "our 10 oz. highballs and 20 oz. tumblers" or "our 30 oz. Tumblers," depending on lid size, and users may use an appropriately sized lid on Waterbear's 10 oz. tumbler, 20 oz. tumbler, 30 oz. tumbler, and 10 oz. mug.  Waterbear markets its straw lids as products that "fit[] our 18oz, 36oz. and 64oz. water jugs," and users may use a straw lid on Waterbear's 18 oz. bottle, 36 oz. bottle, 64 oz. jug, and 14 oz. kid's bottle.

118.    As a result of Waterbear's activities related to its Infringing Drinkware Products, there is a likelihood of confusion between Waterbear and its products on the one hand, and YETI and its products on the other hand.

119.    YETI used its trade dress extensively and continuously before Waterbear began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its Infringing Drinkware Products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States, including in the State of Texas, before Waterbear commenced its unlawful use of YETI's trade dress.

120.    Waterbear's conduct shows that Waterbear was aware of YETI, YETI's products, including YETI's Rambler® drinkware, and YETI's rights, such that Waterbear targeted YETI and purposefully intended to harm YETI, and such that Waterbear's unlawful activities have been intentional, willful, and malicious.

## Count I:
## Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

121.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 120 as though fully set forth herein.

122.     Waterbear's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Drinkware Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress. Waterbear's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Waterbear with YETI and as to the origin, sponsorship, and/or approval of the Infringing Drinkware Products, at least by creating the false and misleading impression that the Infringing Drinkware Products are manufactured by, authorized by, or otherwise associated with YETI.

123.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with the Infringing Drinkware Products

124.     Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

125.     On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced

at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

126. YETI is entitled to injunctive relief, and YETI is entitled to recover at least Waterbear's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

127. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 126 as though fully set forth herein.

128. Based on the activities described above, including, for example, Waterbear's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the Infringing Drinkware Products, Waterbear is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Waterbear's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's

exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

129.    YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with the Infringing Drinkware Products.

130.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

131.    On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler,

releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

132.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Waterbear's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count III:**
**Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

133.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 132 as though fully set forth herein.

134.    Waterbear's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Drinkware Products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Waterbear has obtained an unfair advantage as compared to YETI through Waterbear's use of YETI's trade dress, and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Waterbear's Infringing Drinkware Products, at least by creating the false and misleading

impression that its Infringing Drinkware Products are manufactured by, authorized by, or otherwise associated with YETI.

135.    YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with the Infringing Drinkware Products.

136.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

137.    On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its

64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

138.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Waterbear's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

139.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 138 as though fully set forth herein.

140.    Based on the activities described above, including, for example, Waterbear's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the Infringing Drinkware Products, Waterbear is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Waterbear's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

141.    YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and

continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a famous, well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with the Infringing Drinkware Products.

142.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

143.    On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler®

Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler®️ Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler®️ Colster®️ Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

144.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Waterbear's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

145.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 144 as though fully set forth herein.

146.    Waterbear's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Drinkware Products, in direct competition with YETI, constitute common law trade dress infringement, at least because Waterbear's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its Infringing Drinkware Products, at least by creating the false and misleading impression that its Infringing Drinkware Products are manufactured by, authorized by, or otherwise associated with YETI.

147.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning

before Waterbear commenced its unlawful use of YETI's trade dress in connection with its Infringing Drinkware Products.

148.     Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

149.     On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

150.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Waterbear's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

151.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 150 as though fully set forth herein.

152.    Waterbear's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Drinkware Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Waterbear's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Waterbear's Infringing Drinkware Products, at least by creating the false and misleading impression that its Infringing Drinkware Products are manufactured by, authorized by, or otherwise associated with YETI. Waterbear has also interfered with YETI's business.

153.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with its Infringing Drinkware Products.

154.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to

the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

155.    On information and belief, Waterbear's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

156.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Waterbear's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

157.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 156 as though fully set forth herein.

158.    Waterbear's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Drinkware Products, in direct competition with YETI, constitute common law misappropriation.

159.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Waterbear has wrongfully used YETI's trade dress and/or colorable imitations thereof in direct competition with YETI and gained a special advantage because Waterbear was not burdened with the expenses incurred by YETI. Waterbear has commercially damaged YETI, at least by causing consumer confusion as to origin, sponsorship, and/or affiliation of Waterbear's Infringing Drinkware Products, by creating the false and misleading impression that its Infringing Drinkware Products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

160.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress in connection with its Infringing Drinkware Products.

161.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI. Moreover, as a result of its misappropriation, Waterbear has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the

time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

162.    Waterbear's misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights.

163.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Waterbear's profits, punitive damages, costs, and reasonable attorney fees.

### Count VIII:
### Unjust Enrichment

164.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 163 as though fully set forth herein.

165.    Waterbear's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its Infringing Drinkware Products, in direct competition with

YETI, constitute unjust enrichment, at least because Waterbear has wrongfully obtained benefits at YETI's expense. Waterbear has also, *inter alia*, operated with an undue advantage.

166.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Waterbear has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in direct competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use. Waterbear has not been burdened with the expenses incurred by YETI, yet Waterbear is obtaining the resulting benefits for its own business and products.

167.    YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Waterbear commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its Infringing Drinkware Products.

168.    Waterbear's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Waterbear has wrongfully obtained and is wrongfully

obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

169.    Waterbear's unjust enrichment at YETI's expense has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's knowledge of YETI, YETI products, and YETI's rights; Waterbear's timing in releasing its 20 oz. tumbler after YETI had released its 20 oz. Rambler® Tumbler, releasing its 30 oz. tumbler after YETI had released its 30 oz. Rambler® Tumbler, releasing its 10 oz. tumbler after YETI had released its 10 oz. Rambler® Lowball, releasing its 18 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, releasing its 36 oz. bottle after YETI had released its 36 oz. Rambler® Water Bottle, releasing its 64 oz. bottle after YETI had released its 64 oz. Rambler® Water Bottle, releasing its 14 oz. bottle after YETI had released its Rambler® Jr. 12 oz. Kids Water Bottle, releasing its 10 oz. mug after YETI had released its 14 oz. Rambler® Mug, and releasing its can cooler after YETI had released its 12 oz. Rambler® Colster® Can Cooler; the similarity of Waterbear's Infringing Drinkware Products to YETI's trade dress, and by Waterbear's continuing disregard for YETI's rights. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Waterbear's profits.

## Count IX:
## Patent Infringement of U.S. Patent No. D839,677 Under U.S.C. § 271

170.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 169 as though fully set forth herein.

171.    Waterbear has infringed and continues to infringe the '677 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. tumbler, which is covered by the claim of the '677 Patent.

172.    Waterbear's 10 oz. tumbler infringes the '677 Patent because the overall appearance of Waterbear's 10 oz. tumbler is substantially the same as the overall appearance of

the design of the '677 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. tumbler to be substantially the same as the overall appearance of the design of the '677 Patent.

173.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

174.    On information and belief, Waterbear's infringement of the '677 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. tumbler after YETI had released its Rambler® Lowball; the similarity of Waterbear's 10 oz. tumbler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

175.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

176.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

177.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count X:
## Patent Infringement of U.S. Patent No. D839,676 Under U.S.C. § 271

178.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 177 as though fully set forth herein.

179.    Waterbear has infringed and continues to infringe the '676 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. tumbler, which is covered by the claim of the '676 Patent.

180.    Waterbear's 10 oz. tumbler infringes the '676 Patent because the overall appearance of Waterbear's 10 oz. tumbler is substantially the same as the overall appearance of the design of the '676 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. tumbler to be substantially the same as the overall appearance of the design of the '676 Patent.

181.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

182.    On information and belief, Waterbear's infringement of the '676 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. tumbler after YETI had released its Rambler® Lowball; the similarity of Waterbear's 10 oz. tumbler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

183.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

184.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

185.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent No. D842,038 Under U.S.C. § 271**

186.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 185 as though fully set forth herein.

187.   Waterbear has infringed and continues to infringe the '038 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. tumbler, which is covered by the claim of the '038 Patent.

188.   Waterbear's 10 oz. tumbler infringes the '038 Patent because the overall appearance of Waterbear's 10 oz. tumbler is substantially the same as the overall appearance of the design of the '038 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. tumbler to be substantially the same as the overall appearance of the design of the '038 Patent.

189.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

190.   On information and belief, Waterbear's infringement of the '038 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. tumbler after YETI had released its Rambler® Lowball; the similarity of Waterbear's 10 oz. tumbler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

191.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

192.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

193.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent No. D839,049 Under U.S.C. § 271**

194.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 193 as though fully set forth herein.

195.    Waterbear has infringed and continues to infringe the '049 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. tumbler, which is covered by the claim of the '049 Patent.

196.    Waterbear's 10 oz. tumbler infringes the '049 Patent because the overall appearance of Waterbear's 10 oz. tumbler is substantially the same as the overall appearance of the design of the '049 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. tumbler to be substantially the same as the overall appearance of the design of the '049 Patent.

197.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

198.    On information and belief, Waterbear's infringement of the '049 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. tumbler after YETI had released its Rambler® Lowball; the similarity of Waterbear's 10 oz. tumbler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

199.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

200.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

201.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**Patent Infringement of U.S. Patent No. D774,837 Under U.S.C. § 271**

202.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 201 as though fully set forth herein.

203.    Waterbear has infringed and continues to infringe the '837 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle and 14 oz. bottle, which are covered by the claim of the '837 Patent.

204.    Waterbear's 18 oz. bottle and 14 oz. bottle infringe the '837 Patent because the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle are each substantially the same as the overall appearance of the design of the '837 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle to each be substantially the same as the overall appearance of the design of the '837 Patent.

205.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

206.    On information and belief, Waterbear's infringement of the '837 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle and 14 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle and the 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's 18 oz.

bottle and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

207.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

208.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

209.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XIV:
### Patent Infringement of U.S. Patent No. D790,285 Under U.S.C. § 271

210.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 209 as though fully set forth herein.

211.    Waterbear has infringed and continues to infringe the '0285 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '0285 Patent.

212.    Waterbear's 18 oz. bottle infringes the '0285 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '0285 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '0285 Patent.

213.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

214. On information and belief, Waterbear's infringement of the '0285 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

215. On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

216. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

217. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XV:
## Patent Infringement of U.S. Patent No. D794,397 Under U.S.C. § 271

218. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 217 as though fully set forth herein.

219. Waterbear has infringed and continues to infringe the '4397 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '4397 Patent.

220. Waterbear's 18 oz. bottle infringes the '4397 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '4397 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '4397 Patent.

221.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

222.    On information and belief, Waterbear's infringement of the '4397 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

223.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

224.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

225.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XVI:
### Patent Infringement of U.S. Patent No. D795,019 Under U.S.C. § 271

226.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 225 as though fully set forth herein.

227.    Waterbear has infringed and continues to infringe the '019 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle and 14 oz. bottle, which are covered by the claim of the '019 Patent.

228.    Waterbear's 18 oz. bottle and 14 oz. bottle infringe the '019 Patent because the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle are each substantially the same

as the overall appearance of the design of the '019 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle to each be substantially the same as the overall appearance of the design of the '019 Patent.

229.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

230.     On information and belief, Waterbear's infringement of the '019 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle and 14 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle and 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's 18 oz. bottle and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

231.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

232.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

233.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XVII:
## Patent Infringement of U.S. Patent No. D795,020 Under U.S.C. § 271

234.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 233 as though fully set forth herein.

235.     Waterbear has infringed and continues to infringe the '020 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '020 Patent.

236.     Waterbear's 18 oz. bottle infringes the '020 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '020 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '020 Patent.

237.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

238.     On information and belief, Waterbear's infringement of the '020 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

239.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

240.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

241.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVIII:**
**Patent Infringement of U.S. Patent No. D799,907 Under U.S.C. § 271**

242.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 241 as though fully set forth herein.

243.    Waterbear has infringed and continues to infringe the '907 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '907 Patent.

244.    Waterbear's 18 oz. bottle infringes the '907 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '907 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '907 Patent.

245.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

246.    On information and belief, Waterbear's infringement of the '907 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

247.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

248.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

249.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XIX:
## Patent Infringement of U.S. Patent No. D804,254 Under U.S.C. § 271

250.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 249 as though fully set forth herein.

251.    Waterbear has infringed and continues to infringe the '254 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle and 14 oz. bottle, which are covered by the claim of the '254 Patent.

252.    Waterbear's 18 oz. bottle and 14 oz. bottle infringe the '254 Patent because the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle are each substantially the same as the overall appearance of the design of the '254 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle and 14 oz. bottle to each be substantially the same as the overall appearance of the design of the '254 Patent.

253.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

254.    On information and belief, Waterbear's infringement of the '254 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle and 14 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle and 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's 18 oz. bottle and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

255.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

256.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

257.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XX:**
**Patent Infringement of U.S. Patent No. D805,852 Under U.S.C. § 271**

258.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 257 as though fully set forth herein.

259.     Waterbear has infringed and continues to infringe the '852 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '852 Patent.

260.     Waterbear's 18 oz. bottle infringes the '852 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '852 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '852 Patent.

261.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

262.     On information and belief, Waterbear's infringement of the '852 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the

106

similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

263.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

264.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

265.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XXI:
### Patent Infringement of U.S. Patent No. D823,068 Under U.S.C. § 271

266.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 265 as though fully set forth herein.

267.     Waterbear has infringed and continues to infringe the '068 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '068 Patent.

268.     Waterbear's 18 oz. bottle infringes the '068 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '068 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '068 Patent.

269.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

270. On information and belief, Waterbear's infringement of the '068 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

271. On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

272. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

273. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXII:**
**Patent Infringement of U.S. Patent No. D824,218 Under U.S.C. § 271**

274. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 273 as though fully set forth herein.

275. Waterbear has infringed and continues to infringe the '218 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '218 Patent.

276. Waterbear's 18 oz. bottle infringes the '218 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '218 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '218 Patent.

277.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

278.     On information and belief, Waterbear's infringement of the '218 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

279.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

280.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

281.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXIII:**
**Patent Infringement of U.S. Patent No. D878,874 Under U.S.C. § 271**

282.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 281 as though fully set forth herein.

283.     Waterbear has infringed and continues to infringe the '874 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '874 Patent.

284.     Waterbear's 18 oz. bottle infringes the '874 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the

'874 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '874 Patent.

285.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

286.     On information and belief, Waterbear's infringement of the '874 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

287.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

288.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

289.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXIV:**
**Patent Infringement of U.S. Patent No. D919,377 Under U.S.C. § 271**

290.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 289 as though fully set forth herein.

291.     Waterbear has infringed and continues to infringe the '377 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '377 Patent.

292.    Waterbear's 18 oz. bottle infringes the '377 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '377 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '377 Patent.

293.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

294.    On information and belief, Waterbear's infringement of the '377 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

295.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

296.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

297.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXV:**
**Patent Infringement of U.S. Patent No. D960,659 Under U.S.C. § 271**

298.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 297 as though fully set forth herein.

299.     Waterbear has infringed and continues to infringe the '659 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '659 Patent.

300.     Waterbear's 18 oz. bottle infringes the '659 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '659 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '659 Patent.

301.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

302.     On information and belief, Waterbear's infringement of the '659 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

303.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

304.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

305.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXVI:**
**Patent Infringement of U.S. Patent No. D1,039,340 Under U.S.C. § 271**

306.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 305 as though fully set forth herein.

307.     Waterbear has infringed and continues to infringe the '9340 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, which is covered by the claim of the '9340 Patent.

308.     Waterbear's 18 oz. bottle infringes the '9340 Patent because the overall appearance of Waterbear's 18 oz. bottle is substantially the same as the overall appearance of the design of the '9340 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 18 oz. bottle to be substantially the same as the overall appearance of the design of the '9340 Patent.

309.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

310.     On information and belief, Waterbear's infringement of the '9340 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle after YETI had released its Rambler® 18 oz. Water Bottle; the similarity of Waterbear's 18 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

311.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

312.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

313.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXVII:**
**Patent Infringement of U.S. Patent No. D831,436 Under U.S.C. § 271**

314.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 313 as though fully set forth herein.

315.    Waterbear has infringed and continues to infringe the '436 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '436 Patent.

316.    Waterbear's 36 oz. bottle infringes the '436 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '436 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '436 Patent.

317.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

318.    On information and belief, Waterbear's infringement of the '436 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

319.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

320.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

321.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XXVIII:
## Patent Infringement of U.S. Patent No. D856,757 Under U.S.C. § 271

322.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 321 as though fully set forth herein.

323.     Waterbear has infringed and continues to infringe the '757 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '757 Patent.

324.     Waterbear's 36 oz. bottle infringes the '757 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '757 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '757 Patent.

325.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

326.     On information and belief, Waterbear's infringement of the '757 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

327.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

328.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

329.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXIX:**
**Patent Infringement of U.S. Patent No. D784,775 Under U.S.C. § 271**

330.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 329 as though fully set forth herein.

331.     Waterbear has infringed and continues to infringe the '775 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '775 Patent.

332.     Waterbear's 36 oz. bottle infringes the '775 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '775 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '775 Patent.

333.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

334.     On information and belief, Waterbear's infringement of the '775 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the

116

similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

335.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

336.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

337.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXX:**
**Patent Infringement of U.S. Patent No. D799,906 Under U.S.C. § 271**

338.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 337 as though fully set forth herein.

339.     Waterbear has infringed and continues to infringe the '906 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '906 Patent.

340.     Waterbear's 36 oz. bottle infringes the '906 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '906 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '906 Patent.

341.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

342.     On information and belief, Waterbear's infringement of the '906 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

343.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

344.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

345.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XXXI:
### Patent Infringement of U.S. Patent No. D807,126 Under U.S.C. § 271

346.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 345 as though fully set forth herein.

347.     Waterbear has infringed and continues to infringe the '126 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '126 Patent.

348.     Waterbear's 36 oz. bottle infringes the '126 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '126 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '126 Patent.

349.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

350.    On information and belief, Waterbear's infringement of the '126 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

351.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

352.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

353.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXXII:**
**Patent Infringement of U.S. Patent No. D960,661 Under U.S.C. § 271**

354.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 353 as though fully set forth herein.

355.    Waterbear has infringed and continues to infringe the '661 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '661 Patent.

356.    Waterbear's 36 oz. bottle infringes the '661 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the

'661 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '661 Patent.

357.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

358.    On information and belief, Waterbear's infringement of the '661 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

359.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

360.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

361.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

<strong>Count XXXIII:<br>Patent Infringement of U.S. Patent No. D804,256 Under U.S.C. § 271</strong>

362.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 361 as though fully set forth herein.

363.    Waterbear has infringed and continues to infringe the '256 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '256 Patent.

364.    Waterbear's 36 oz. bottle infringes the '256 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '256 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '256 Patent.

365.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

366.    On information and belief, Waterbear's infringement of the '256 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

367.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

368.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

369.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXXIV:**
**Patent Infringement of U.S. Patent No. D807,125 Under U.S.C. § 271**

370.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 369 as though fully set forth herein.

371.    Waterbear has infringed and continues to infringe the '125 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '125 Patent.

372.    Waterbear's 36 oz. bottle infringes the '125 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '125 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '125 Patent.

373.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

374.    On information and belief, Waterbear's infringement of the '125 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

375.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

376.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

377.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXXV:**
**Patent Infringement of U.S. Patent No. D823,646 Under U.S.C. § 271**

378.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 377 as though fully set forth herein.

379.     Waterbear has infringed and continues to infringe the '646 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '646 Patent.

380.     Waterbear's 36 oz. bottle infringes the '646 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '646 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '646 Patent.

381.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

382.     On information and belief, Waterbear's infringement of the '646 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

383.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

384.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

385.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXXVI:**
**Patent Infringement of U.S. Patent No. D875,479 Under U.S.C. § 271**

386.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 385 as though fully set forth herein.

387.     Waterbear has infringed and continues to infringe the '479 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '479 Patent.

388.     Waterbear's 36 oz. bottle infringes the '479 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '479 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '479 Patent.

389.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

390.     On information and belief, Waterbear's infringement of the '479 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

391.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

392.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

393.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XXXVII:
### Patent Infringement of U.S. Patent No. D899,870 Under U.S.C. § 271

394.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 393 as though fully set forth herein.

395.    Waterbear has infringed and continues to infringe the '870 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '870 Patent.

396.    Waterbear's 36 oz. bottle infringes the '870 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '870 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '870 Patent.

397.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

398.    On information and belief, Waterbear's infringement of the '870 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

399.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

400.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

401.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XXXVIII:
### Patent Infringement of U.S. Patent No. D941,638 Under U.S.C. § 271

402.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 401 as though fully set forth herein.

403.    Waterbear has infringed and continues to infringe the '638 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '638 Patent.

404.    Waterbear's 36 oz. bottle infringes the '638 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '638 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '638 Patent.

405.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

406.    On information and belief, Waterbear's infringement of the '638 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the

126

similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

407.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

408.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

409.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XXXIX:
## Patent Infringement of U.S. Patent No. D783,367 Under U.S.C. § 271

410.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 409 as though fully set forth herein.

411.    Waterbear has infringed and continues to infringe the '367 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '367 Patent.

412.    Waterbear's 36 oz. bottle infringes the '367 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '367 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '367 Patent.

413.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

414.    On information and belief, Waterbear's infringement of the '367 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

415.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

416.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

417.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XL:
### Patent Infringement of U.S. Patent No. D783,368 Under U.S.C. § 271

418.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 417 as though fully set forth herein.

419.    Waterbear has infringed and continues to infringe the '368 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '368 Patent.

420.    Waterbear's 36 oz. bottle infringes the '368 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the '368 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '368 Patent.

128

421.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

422.    On information and belief, Waterbear's infringement of the '368 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

423.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

424.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

425.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XLI:
## Patent Infringement of U.S. Patent No. D823,069 Under U.S.C. § 271

426.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 425 as though fully set forth herein.

427.    Waterbear has infringed and continues to infringe the '069 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 36 oz. bottle, which is covered by the claim of the '069 Patent.

428.    Waterbear's 36 oz. bottle infringes the '069 Patent because the overall appearance of Waterbear's 36 oz. bottle is substantially the same as the overall appearance of the design of the

'069 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 36 oz. bottle to be substantially the same as the overall appearance of the design of the '069 Patent.

429.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

430.    On information and belief, Waterbear's infringement of the '069 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 36 oz. bottle after YETI had released its Rambler® 36 oz. Water Bottle; the similarity of Waterbear's 36 oz. bottle  to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

431.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

432.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

433.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XLII:**
**Patent Infringement of U.S. Patent No. D1,038,705 Under U.S.C. § 271**

434.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 433 as though fully set forth herein.

435.    Waterbear has infringed and continues to infringe the '705 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '705 Patent.

436.     Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '705 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '705 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '705 Patent.

437.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

438.     On information and belief, Waterbear's infringement of the '705 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

439.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

440.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

441.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XLIII:**
**Patent Infringement of U.S. Patent No. D781,662 Under U.S.C. § 271**

442.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 441 as though fully set forth herein.

443.     Waterbear has infringed and continues to infringe the '662 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '662 Patent.

444.     Waterbear's 64 oz. bottle infringes the '662 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '662 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '662 Patent.

445.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

446.     On information and belief, Waterbear's infringement of the '662 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

447.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

448.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

449.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XLIV:**
**Patent Infringement of U.S. Patent No. D774,363 Under U.S.C. § 271**

450.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 449 as though fully set forth herein.

451.    Waterbear has infringed and continues to infringe the '363 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '363 Patent.

452.    Waterbear's 64 oz. bottle infringes the '363 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '363 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '363 Patent.

453.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

454.    On information and belief, Waterbear's infringement of the '363 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

455.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

456.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

457.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XLV:**
**Patent Infringement of U.S. Patent No. D799,908 Under U.S.C. § 271**

458.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 457 as though fully set forth herein.

459.    Waterbear has infringed and continues to infringe the '908 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '908 Patent.

460.    Waterbear's 64 oz. bottle infringes the '908 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '908 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '908 Patent.

461.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

462.    On information and belief, Waterbear's infringement of the '908 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

463. On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

464. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

465. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XLVI:
### Patent Infringement of U.S. Patent No. D803,632 Under U.S.C. § 271

466. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 465 as though fully set forth herein.

467. Waterbear has infringed and continues to infringe the '632 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '632 Patent.

468. Waterbear's 64 oz. bottle infringes the '632 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '632 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '632 Patent.

469. Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

470. On information and belief, Waterbear's infringement of the '632 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the

similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

471.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

472.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

473.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XLVII:
## Patent Infringement of U.S. Patent No. D804,255 Under U.S.C. § 271

474.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 473 as though fully set forth herein.

475.    Waterbear has infringed and continues to infringe the '255 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '255 Patent.

476.    Waterbear's 64 oz. bottle infringes the '255 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '255 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '255 Patent.

477.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

478.    On information and belief, Waterbear's infringement of the '255 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

479.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

480.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

481.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XLVIII:
### Patent Infringement of U.S. Patent No. D819,410 Under U.S.C. § 271

482.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 481 as though fully set forth herein.

483.    Waterbear has infringed and continues to infringe the '410 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '410 Patent.

484.    Waterbear's 64 oz. bottle infringes the '410 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '410 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '410 Patent.

485.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

486.     On information and belief, Waterbear's infringement of the '410 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

487.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

488.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

489.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XLIX:
## Patent Infringement of U.S. Patent No. D922,152 Under U.S.C. § 271

490.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 489 as though fully set forth herein.

491.     Waterbear has infringed and continues to infringe the '152 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '152 Patent.

492.     Waterbear's 64 oz. bottle infringes the '152 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the

'152 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '152 Patent.

493.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

494.    On information and belief, Waterbear's infringement of the '152 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

495.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

496.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

497.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count L:**
**Patent Infringement of U.S. Patent No. D943,357 Under U.S.C. § 271**

498.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 497 as though fully set forth herein.

499.    Waterbear has infringed and continues to infringe the '357 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '357 Patent.

500.    Waterbear's 64 oz. bottle infringes the '357 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '357 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '357 Patent.

501.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

502.    On information and belief, Waterbear's infringement of the '357 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

503.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

504.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

505.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LI:
## Patent Infringement of U.S. Patent No. D782,881 Under U.S.C. § 271

506.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 505 as though fully set forth herein.

507.    Waterbear has infringed and continues to infringe the '881 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '881 Patent.

508.    Waterbear's 64 oz. bottle infringes the '881 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '881 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '881 Patent.

509.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

510.    On information and belief, Waterbear's infringement of the '881 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

511.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

512.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

513.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LII:
## Patent Infringement of U.S. Patent No. D788,544 Under U.S.C. § 271

514.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 513 as though fully set forth herein.

515.    Waterbear has infringed and continues to infringe the '544 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '544 Patent.

516.    Waterbear's 64 oz. bottle infringes the '544 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '544 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '544 Patent.

517.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

518.    On information and belief, Waterbear's infringement of the '544 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

519.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

520.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

521.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LIII:**
**Patent Infringement of U.S. Patent No. D820,650 Under U.S.C. § 271**

522.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 521 as though fully set forth herein.

523.    Waterbear has infringed and continues to infringe the '650 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '650 Patent.

524.    Waterbear's 64 oz. bottle infringes the '650 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '650 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '650 Patent.

525.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

526.    On information and belief, Waterbear's infringement of the '650 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

527.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

528. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

529. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LIV:**
**Patent Infringement of U.S. Patent No. D872,542 Under U.S.C. § 271**

530. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 529 as though fully set forth herein.

531. Waterbear has infringed and continues to infringe the '542 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '542 Patent.

532. Waterbear's 64 oz. bottle infringes the '542 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '542 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '542 Patent.

533. Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

534. On information and belief, Waterbear's infringement of the '542 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

535.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

536.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

537.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LV:**
**Patent Infringement of U.S. Patent No. D889,913 Under U.S.C. § 271**

538.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 537 as though fully set forth herein.

539.     Waterbear has infringed and continues to infringe the '913 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 64 oz. bottle, which is covered by the claim of the '913 Patent.

540.     Waterbear's 64 oz. bottle infringes the '913 Patent because the overall appearance of Waterbear's 64 oz. bottle is substantially the same as the overall appearance of the design of the '913 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 64 oz. bottle to be substantially the same as the overall appearance of the design of the '913 Patent.

541.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

542.     On information and belief, Waterbear's infringement of the '913 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 64 oz. bottle after YETI had released its Rambler® 64 oz. Water Bottle; the

145

similarity of Waterbear's 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

543.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

544.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

545.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LVI:**
**Patent Infringement of U.S. Patent No. D1,038,706 Under U.S.C. § 271**

546.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 545 as though fully set forth herein.

547.    Waterbear has infringed and continues to infringe the '706 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '706 Patent.

548.    Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '706 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '706 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '706 Patent.

146

549.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

550.     On information and belief, Waterbear's infringement of the '706 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

551.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

552.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

553.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LVII:**
**Patent Infringement of U.S. Patent No. D882,343 Under U.S.C. § 271**

554.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 553 as though fully set forth herein.

555.     Waterbear has infringed and continues to infringe the '343 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. mug, which is covered by the claim of the '343 Patent.

556.     Waterbear's 10 oz. mug infringes the '343 Patent because the overall appearance of Waterbear's 10 oz. mug is substantially the same as the overall appearance of the design of the '343 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. mug to be substantially the same as the overall appearance of the design of the '343 Patent.

557.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

558.     On information and belief, Waterbear's infringement of the '343 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. mug after YETI had released its Rambler® 14 oz. Mug; the similarity of Waterbear's 10 oz. mug to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

559.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

560.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

561.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LVIII:**
**Patent Infringement of U.S. Patent No. D899,862 Under U.S.C. § 271**

562.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 561 as though fully set forth herein.

563.    Waterbear has infringed and continues to infringe the '862 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. mug, which is covered by the claim of the '862 Patent.

564.    Waterbear's 10 oz. mug infringes the '862 Patent because the overall appearance of Waterbear's 10 oz. mug is substantially the same as the overall appearance of the design of the '862 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. mug to be substantially the same as the overall appearance of the design of the '862 Patent.

565.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

566.    On information and belief, Waterbear's infringement of the '862 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. mug after YETI had released its Rambler® 14 oz. Mug; the similarity of Waterbear's 10 oz. mug to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

567.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

568.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

569.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LIX:
## Patent Infringement of U.S. Patent No. D1,011,842 Under U.S.C. § 271

570.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 569 as though fully set forth herein.

571.     Waterbear has infringed and continues to infringe the '842 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 10 oz. mug, which is covered by the claim of the '842 Patent.

572.     Waterbear's 10 oz. mug infringes the '842 Patent because the overall appearance of Waterbear's 10 oz. mug is substantially the same as the overall appearance of the design of the '842 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's 10 oz. mug to be substantially the same as the overall appearance of the design of the '842 Patent.

573.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

574.     On information and belief, Waterbear's infringement of the '842 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 10 oz. mug after YETI had released its Rambler® 14 oz. Mug; the similarity of Waterbear's 10 oz. mug to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

575.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

576.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

577.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LX:**
**Patent Infringement of U.S. Patent No. D752,397 Under U.S.C. § 271**

578.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 577 as though fully set forth herein.

579.    Waterbear has infringed and continues to infringe the '2397 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '2397 Patent.

580.    Waterbear's can cooler infringes the '2397 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '2397 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '2397 Patent.

581.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

582.    On information and belief, Waterbear's infringement of the '2397 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

583.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

584.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

585.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LXI:
## Patent Infringement of U.S. Patent No. D779,285 Under U.S.C. § 271

586.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 585 as though fully set forth herein.

587.     Waterbear has infringed and continues to infringe the '9285 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '9285 Patent.

588.     Waterbear's can cooler infringes the '9285 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '9285 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '9285 Patent.

589.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

590.     On information and belief, Waterbear's infringement of the '9285 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

591.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

592.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

593.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXII:**
**Patent Infringement of U.S. Patent No. D779,892 Under U.S.C. § 271**

594.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 593 as though fully set forth herein.

595.    Waterbear has infringed and continues to infringe the '892 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '892 Patent.

596.    Waterbear's can cooler infringes the '892 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '892 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '892 Patent.

597.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

598.    On information and belief, Waterbear's infringement of the '892 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can

Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

599. On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

600. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

601. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXIII:**
**Patent Infringement of U.S. Patent No. D780,530 Under U.S.C. § 271**

602. YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 601 as though fully set forth herein.

603. Waterbear has infringed and continues to infringe the '530 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '530 Patent.

604. Waterbear's can cooler infringes the '530 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '530 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '530 Patent.

605. Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

606.    On information and belief, Waterbear's infringement of the '530 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

607.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

608.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

609.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count LXIV:
### Patent Infringement of U.S. Patent No. D780,531 Under U.S.C. § 271

610.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 609 as though fully set forth herein.

611.    Waterbear has infringed and continues to infringe the '531 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '531 Patent.

612.    Waterbear's can cooler infringes the '531 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '531 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '531 Patent.

613.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

614.    On information and belief, Waterbear's infringement of the '531 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

615.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

616.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

617.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283

## Count LXV:
## Patent Infringement of U.S. Patent No. D780,532 Under U.S.C. § 271

618.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 617 as though fully set forth herein.

619.    Waterbear has infringed and continues to infringe the '532 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '532 Patent.

620.    Waterbear's can cooler infringes the '532 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '532

Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '532 Patent.

621.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

622.    On information and belief, Waterbear's infringement of the '532 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

623.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

624.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

625.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LXVI:
## Patent Infringement of U.S. Patent No. D780,533 Under U.S.C. § 271

626.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 625 as though fully set forth herein.

627.    Waterbear has infringed and continues to infringe the '533 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '533 Patent.

628.     Waterbear's can cooler infringes the '533 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '533 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '533 Patent.

629.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

630.     On information and belief, Waterbear's infringement of the '533 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

631.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

632.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

633.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXVII:**
**Patent Infringement of U.S. Patent No. D786,025 Under U.S.C. § 271**

634.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 633 as though fully set forth herein.

635.    Waterbear has infringed and continues to infringe the '025 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '025 Patent.

636.    Waterbear's can cooler infringes the '025 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '025 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '025 Patent.

637.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

638.    On information and belief, Waterbear's infringement of the '025 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

639.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

640.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

641.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXVIII:**
**Patent Infringement of U.S. Patent No. D826,003 Under U.S.C. § 271**

642.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 641 as though fully set forth herein.

643.     Waterbear has infringed and continues to infringe the '003 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '003 Patent.

644.     Waterbear's can cooler infringes the '003 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '003 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '003 Patent.

645.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

646.     On information and belief, Waterbear's infringement of the '003 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

647.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

648.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

649.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXIX:**
**Patent Infringement of U.S. Patent No. D829,058 Under U.S.C. § 271**

650.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 649 as though fully set forth herein.

651.     Waterbear has infringed and continues to infringe the '058 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '058 Patent.

652.     Waterbear's can cooler infringes the '058 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '058 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '058 Patent.

653.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

654.     On information and belief, Waterbear's infringement of the '058 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

655.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

656.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

657.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LXX:
## Patent Infringement of U.S. Patent No. D888,505 Under U.S.C. § 271

658.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 657 as though fully set forth herein.

659.     Waterbear has infringed and continues to infringe the '505 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '505 Patent.

660.     Waterbear's can cooler infringes the '505 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '505 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '505 Patent.

661.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

662.     On information and belief, Waterbear's infringement of the '505 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

663.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

664.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

665.   Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXI:**
**Patent Infringement of U.S. Patent No. D920,746 Under U.S.C. § 271**

666.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 665 as though fully set forth herein.

667.   Waterbear has infringed and continues to infringe the '746 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the can cooler, which is covered by the claim of the '746 Patent.

668.   Waterbear's can cooler infringes the '746 Patent because the overall appearance of Waterbear's can cooler is substantially the same as the overall appearance of the design of the '746 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's can cooler to be substantially the same as the overall appearance of the design of the '746 Patent.

669.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

670.   On information and belief, Waterbear's infringement of the '746 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the can cooler after YETI had released its Rambler® 12 oz. Colster® Can

Cooler; the similarity of Waterbear's can cooler to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

671.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

672.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

673.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXII:**
**Patent Infringement of U.S. Patent No. D760,586 Under U.S.C. § 271**

674.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 673 as though fully set forth herein.

675.    Waterbear has infringed and continues to infringe the '586 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '586 Patent.

676.    Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '586 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '586 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '586 Patent.

677.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

678.    On information and belief, Waterbear's infringement of the '586 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

679.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

680.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

681.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXIII:**
**Patent Infringement of U.S. Patent No. D843,212 Under U.S.C. § 271**

682.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 681 as though fully set forth herein.

683.    Waterbear has infringed and continues to infringe the '3212 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '3212 Patent.

684.    Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '3212 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '3212 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '3212 Patent.

685.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

686.    On information and belief, Waterbear's infringement of the '3212 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

687.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

688.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

689.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXIV:**
**Patent Infringement of U.S. Patent No. D780,577 Under U.S.C. § 271**

690.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 689 as though fully set forth herein.

691.   Waterbear has infringed and continues to infringe the '577 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '577 Patent.

692.   Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '577 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '577 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '577 Patent.

693.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

694.   On information and belief, Waterbear's infringement of the '577 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

695.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

696.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

697.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXV:**
**Patent Infringement of U.S. Patent No. D781,145 Under U.S.C. § 271**

698.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 697 as though fully set forth herein.

699.     Waterbear has infringed and continues to infringe the '145 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '145 Patent.

700.     Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '145 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '145 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '145 Patent.

701.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

702.     On information and belief, Waterbear's infringement of the '145 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18

oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

703.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

704.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

705.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LXXVI:
## Patent Infringement of U.S. Patent No. D781,146 Under U.S.C. § 271

706.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 705 as though fully set forth herein.

707.    Waterbear has infringed and continues to infringe the '146 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle, which are covered by the claim of the '146 Patent.

708.    Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle infringe the '146 Patent because the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle are substantially the same as the overall appearance of the design of the '146 Patent, and an ordinary observer would perceive the overall appearance of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to be substantially the same as the overall appearance of the design of the '146 Patent.

709.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

710.     On information and belief, Waterbear's infringement of the '146 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle after YETI had released its 18 oz. Rambler® Water Bottle, 36 oz. Rambler® Water Bottle, and 64 oz. Rambler® Water Bottle; the similarity of the caps on Waterbear's 18 oz. bottle, 36 oz. bottle, and 64 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

711.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

712.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

713.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXVII:**
**Patent Infringement of U.S. Patent No. D812,970 Under U.S.C. § 271**

714.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 713 as though fully set forth herein.

715.     Waterbear has infringed and continues to infringe the '970 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the straw lid and 14 oz. bottle, which are covered by the claim of the '970 Patent.

716.    Waterbear's straw lid and 14 oz. bottle straw lid, infringe the '970 Patent because the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid are each substantially the same as the overall appearance of the design of the '970 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid to each be substantially the same as the overall appearance of the design of the '970 Patent.

717.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

718.    On information and belief, Waterbear's infringement of the '970 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the straw lid and 14 oz. bottle after YETI had released its Rambler® Bottle Straw Cap and the 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's straw lid and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

719.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

720.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

721.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXVIII:**
**Patent Infringement of U.S. Patent No. D821,809 Under U.S.C. § 271**

722.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 721 as though fully set forth herein.

723.   Waterbear has infringed and continues to infringe the '809 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the straw lid and 14 oz. bottle, which are covered by the claim of the '809 Patent.

724.   Waterbear's straw lid and 14 oz. bottle straw lid, infringe the '809 Patent because the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid are each substantially the same as the overall appearance of the design of the '809 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid to each be substantially the same as the overall appearance of the design of the '809 Patent.

725.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

726.   On information and belief, Waterbear's infringement of the '809 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the straw lid and 14 oz. bottle after YETI had released its Rambler® Bottle Straw Cap and the 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's straw lid and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

727.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

728.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

729.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count LXXIX:
### Patent Infringement of U.S. Patent No. D811,162 Under U.S.C. § 271

730.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 729 as though fully set forth herein.

731.     Waterbear has infringed and continues to infringe the '162 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the straw lid and 14 oz. bottle, which are covered by the claim of the '162 Patent.

732.     Waterbear's straw lid and 14 oz. bottle straw lid, infringe the '162 Patent because the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid are each substantially the same as the overall appearance of the design of the '162 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid to each be substantially the same as the overall appearance of the design of the '162 Patent.

733.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

734.     On information and belief, Waterbear's infringement of the '162 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the straw lid and 14 oz. bottle after YETI had released its Rambler® Bottle Straw Cap and the 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's straw lid

and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

735.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

736.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

737.   Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count LXXX:
## Patent Infringement of U.S. Patent No. D808,713 Under U.S.C. § 271

738.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 737 as though fully set forth herein.

739.   Waterbear has infringed and continues to infringe the '713 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the straw lid and 14 oz. bottle, which are covered by the claim of the '713 Patent.

740.   Waterbear's straw lid and 14 oz. bottle straw lid, infringe the '713 Patent because the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid are each substantially the same as the overall appearance of the design of the '713 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's straw lid and 14 oz. bottle straw lid to each be substantially the same as the overall appearance of the design of the '713 Patent.

741.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

742.   On information and belief, Waterbear's infringement of the '713 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the straw lid and 14 oz. bottle after YETI had released its Rambler® Bottle Straw Cap and the 12 oz. Rambler® Jr. Kids Water Bottle; the similarity of Waterbear's straw lid and 14 oz. bottle to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

743.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

744.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

745.   Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXI:**
**Patent Infringement of U.S. Patent No. D821,135 Under U.S.C. § 271**

746.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 745 as though fully set forth herein.

747.   Waterbear has infringed and continues to infringe the '135 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the straw lid, which are covered by the claim of the '135 Patent.

748.   Waterbear's straw lid and 14 oz. bottle straw lid, infringe the '135 Patent because the overall appearance of Waterbear's straw lid is substantially the same as the overall appearance of the design of the '135 Patent, and an ordinary observer would perceive the overall appearance

of Waterbear's straw lid to be substantially the same as the overall appearance of the design of the '135 Patent.

749.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

750.    On information and belief, Waterbear's infringement of the '135 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the straw lid after YETI had released its Rambler® Bottle Straw Cap; the similarity of Waterbear's straw lid to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

751.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

752.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

753.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXII:**
**Patent Infringement of U.S. Patent No. D815,893 Under U.S.C. § 271**

754.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 753 as though fully set forth herein.

755.    Waterbear has infringed and continues to infringe the '893 Patent at least by using, selling, offering to sell, making, and/or importing into the United States its magnetic slider lids, which are covered by the claim of the '893 Patent.

756.     Waterbear's magnetic slider lids infringe the '893 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '893 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '893 Patent.

757.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

758.     On information and belief, Waterbear's infringement of the '893 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

759.     On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

760.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

761.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count LXXXIII:
### Patent Infringement of U.S. Patent No. D824,212 Under U.S.C. § 271

762.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 761 as though fully set forth herein.

763.    Waterbear has infringed and continues to infringe the '4212 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '4212 Patent.

764.    Waterbear's magnetic slider lids infringe the '4212 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '4212 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '4212 Patent.

765.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

766.    On information and belief, Waterbear's infringement of the '4212 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider$^{TM}$ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

767.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

768.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

769.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXIV:**
**Patent Infringement of U.S. Patent No. D751,338 Under U.S.C. § 271**

770.   YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 769 as though fully set forth herein.

771.   Waterbear has infringed and continues to infringe the '338 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '338 Patent.

772.   Waterbear's magnetic slider lids infringe the '338 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '338 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '338 Patent.

773.   Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

774.   On information and belief, Waterbear's infringement of the '338 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

775.   On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

776.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

777.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXV:**
**Patent Infringement of U.S. Patent No. D751,339 Under U.S.C. § 271**

778.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 777 as though fully set forth herein.

779.    Waterbear has infringed and continues to infringe the '339 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '339 Patent.

780.    Waterbear's magnetic slider lids infringe the '339 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '339 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '339 Patent.

781.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

782.    On information and belief, Waterbear's infringement of the '339 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

783.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

784.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

785.     Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

<b>Count LXXXVI:<br>Patent Infringement of U.S. Patent No. D761,619 Under U.S.C. § 271</b>

786.     YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 785 as though fully set forth herein.

787.     Waterbear has infringed and continues to infringe the '619 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '619 Patent.

788.     Waterbear's magnetic slider lids infringe the '619 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '619 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '619 Patent.

789.     Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

790.     On information and belief, Waterbear's infringement of the '619 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™

Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

791.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

792.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

793.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXVII:**
**Patent Infringement of U.S. Patent No. D751,340 Under U.S.C. § 271**

794.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 793 as though fully set forth herein.

795.    Waterbear has infringed and continues to infringe the '1340 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '1340 Patent.

796.    Waterbear's magnetic slider lids infringe the '1340 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '1340 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '1340 Patent.

797.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

798.    On information and belief, Waterbear's infringement of the '1340 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

799.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

800.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

801.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count LXXXVIII:**
**Patent Infringement of U.S. Patent No. D751,341 Under U.S.C. § 271**

802.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 801 as though fully set forth herein.

803.    Waterbear has infringed and continues to infringe the '341 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '341 Patent.

804.    Waterbear's magnetic slider lids infringe the '341 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '341 Patent, and an ordinary observer would perceive the overall appearance

of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '341 Patent.

805.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

806.    On information and belief, Waterbear's infringement of the '341 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

807.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

808.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

809.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count LXXXIX:
### Patent Infringement of U.S. Patent No. D1,022,597 Under U.S.C. § 271

810.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 809 as though fully set forth herein.

811.    Waterbear has infringed and continues to infringe the '597 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '597 Patent.

812.    Waterbear's magnetic slider lids infringe the '597 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '597 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '597 Patent.

813.    Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

814.    On information and belief, Waterbear's infringement of the '597 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

815.    On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

816.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

817.    Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XC:
### Patent Infringement of U.S. Patent No. D1,009,564 Under U.S.C. § 271

818.    YETI realleges and reincorporates the allegations set forth in paragraphs 1 through 817 as though fully set forth herein.

819. Waterbear has infringed and continues to infringe the '564 Patent at least by using, selling, offering to sell, making, and/or importing into the United States the magnetic slider lids, which are covered by the claim of the '564 Patent.

820. Waterbear's magnetic slider lids infringe the '564 Patent because the overall appearance of Waterbear's magnetic slider lids is substantially the same as the overall appearance of the design of the '564 Patent, and an ordinary observer would perceive the overall appearance of Waterbear's magnetic slider lids to be substantially the same as the overall appearance of the design of the '564 Patent.

821. Waterbear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

822. On information and belief, Waterbear's infringement of the '564 Patent has been intentional, willful, and malicious. Waterbear's bad faith is evidenced at least by Waterbear's timing in releasing the magnetic slider lids after YETI had released its Rambler® MagSlider™ Lid; the similarity of Waterbear's magnetic slider lids to YETI's patented design; and by Waterbear's continuing disregard for YETI's rights.

823. On information and belief, this is an exceptional case in view of Waterbear's unlawful activities, including Waterbear's intentional, willful, and malicious infringement.

824. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

825. Waterbear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

826.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Waterbear's profits.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.   Judgment that Waterbear has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; (viii) been unjustly enriched at YETI's expense; (ix) infringed the '677 Patent in violation of § 271 of Title 35 of the United States Code; (x) infringed the '676 Patent in violation of § 271 of Title 35 of the United States Code; (xi) infringed the '038 Patent in violation of § 271 of Title 35 of the United States Code; (xii) infringed the '049 Patent in violation of § 271 of Title 35 of the United States Code; (xiii) infringed the '837 Patent in violation of § 271 of Title 35 of the United States Code; (xiv) infringed the '0285 Patent in violation of § 271 of Title 35 of the United States Code; (xv) infringed the '4397 Patent in violation of § 271 of Title 35 of the United States Code; (xvi) infringed the '019 Patent in violation of § 271 of Title 35 of the United States Code; (xvii) infringed the '020 Patent in violation of § 271 of Title 35 of the United States Code; (xviii) infringed the '907 Patent in violation of § 271 of Title 35 of the United States Code; (xix) infringed the '254 Patent in violation of § 271 of Title 35 of the United States Code; (xx)

infringed the '852 Patent in violation of § 271 of Title 35 of the United States Code; (xxi) infringed the '068 Patent in violation of § 271 of Title 35 of the United States Code; (xxii) infringed the '218 Patent in violation of § 271 of Title 35 of the United States Code; (xxiii) infringed the '874 Patent in violation of § 271 of Title 35 of the United States Code; (xxiv) infringed the '377 Patent in violation of § 271 of Title 35 of the United States Code; (xxv) infringed the '659 Patent in violation of § 271 of Title 35 of the United States Code; (xxvi) infringed the '9340 Patent in violation of § 271 of Title 35 of the United States Code; (xxvii) infringed the '436 Patent in violation of § 271 of Title 35 of the United States Code; (xxviii) infringed the '757 Patent in violation of § 271 of Title 35 of the United States Code; (xxix) infringed the '775 Patent in violation of § 271 of Title 35 of the United States Code; (xxx) infringed the '906 Patent in violation of § 271 of Title 35 of the United States Code; (xxxi) infringed the '126 Patent in violation of § 271 of Title 35 of the United States Code; (xxxii) infringed the '661 Patent in violation of § 271 of Title 35 of the United States Code; (xxxiii) infringed the '256 Patent in violation of § 271 of Title 35 of the United States Code; (xxxiv) infringed the '125 Patent in violation of § 271 of Title 35 of the United States Code; (xxxv) infringed the '646 Patent in violation of § 271 of Title 35 of the United States Code; (xxxvi) infringed the '479 Patent in violation of § 271 of Title 35 of the United States Code; (xxxvii) infringed the '870 Patent in violation of § 271 of Title 35 of the United States Code; (xxxviii) infringed the '638 Patent in violation of § 271 of Title 35 of the United States Code; (xxxix) infringed the '367 Patent in violation of § 271 of Title 35 of the United States Code; (xl) infringed the '368 Patent in violation of § 271 of Title 35 of the United States Code; (xli) infringed the '069 Patent in violation of § 271 of Title 35 of the United States Code; (xlii) infringed the '705 Patent in violation of § 271 of Title 35 of the United States Code; (xliii) infringed the '662 Patent in violation of § 271 of Title 35 of the United States Code; (xliv) infringed the '363 Patent in violation

of § 271 of Title 35 of the United States Code; (xlv) infringed the '908 Patent in violation of § 271

of Title 35 of the United States Code; (xlvi) infringed the '632 Patent in violation of § 271 of Title

35 of the United States Code; (xlvii) infringed the '255 Patent in violation of § 271 of Title 35 of

the United States Code; (xlviii) infringed the '410 Patent in violation of § 271 of Title 35 of the

United States Code; (xlix) infringed the '152 Patent in violation of § 271 of Title 35 of the United

States Code; (l) infringed the '357 Patent in violation of § 271 of Title 35 of the United States

Code; (li) infringed the '881 Patent in violation of § 271 of Title 35 of the United States Code; (lii)

infringed the '544 Patent in violation of § 271 of Title 35 of the United States Code; (liii) infringed

the '650 Patent in violation of § 271 of Title 35 of the United States Code; (liv) infringed the '542

Patent in violation of § 271 of Title 35 of the United States Code; (lv) infringed the '913 Patent in

violation of § 271 of Title 35 of the United States Code; (lvi) infringed the '706 Patent in violation

of § 271 of Title 35 of the United States Code; (lvii) infringed the '343 Patent in violation of § 271

of Title 35 of the United States Code; (lviii) infringed the '862 Patent in violation of § 271 of Title

35 of the United States Code; (lix) infringed the '842 Patent in violation of § 271 of Title 35 of the

United States Code; (lx) infringed the '2397 Patent in violation of § 271 of Title 35 of the United

States Code; (lxi) infringed the '9285 Patent in violation of § 271 of Title 35 of the United States

Code; (lxii) infringed the '892 Patent in violation of § 271 of Title 35 of the United States Code;

(lxiii) infringed the '530 Patent in violation of § 271 of Title 35 of the United States Code; (lxiv)

infringed the '531 Patent in violation of § 271 of Title 35 of the United States Code; (lxv) infringed

the '532 Patent in violation of § 271 of Title 35 of the United States Code; (lxvi) infringed the '533

Patent in violation of § 271 of Title 35 of the United States Code; (lxvii) infringed the '025 Patent

in violation of § 271 of Title 35 of the United States Code; (lxviii) infringed the '003 Patent in

violation of § 271 of Title 35 of the United States Code; (lxix) infringed the '058 Patent in violation

of § 271 of Title 35 of the United States Code; (lxx) infringed the '505 Patent in violation of § 271 of Title 35 of the United States Code; (lxxi) infringed the '746 Patent in violation of § 271 of Title 35 of the United States Code; (lxxii) infringed the '586 Patent in violation of § 271 of Title 35 of the United States Code; (lxxiii) infringed the '3212 Patent in violation of § 271 of Title 35 of the United States Code; (lxxiv) infringed the '577 Patent in violation of § 271 of Title 35 of the United States Code; (lxxv) infringed the '145 Patent in violation of § 271 of Title 35 of the United States Code; (lxxvi) infringed the '146 Patent in violation of § 271 of Title 35 of the United States Code; (lxxvii) infringed the '970 Patent in violation of § 271 of Title 35 of the United States Code; (lxxviii) infringed the '809 Patent in violation of § 271 of Title 35 of the United States Code; (lxxix) infringed the '162 Patent in violation of § 271 of Title 35 of the United States Code; (lxxx) infringed the '713 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxi) infringed the '135 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxii) infringed the '893 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxiii) infringed the '4212 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxiv) infringed the '338 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxv) infringed the '339 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxvi) infringed the '619 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxvii) infringed the '1340 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxviii) infringed the '341 Patent in violation of § 271 of Title 35 of the United States Code; (lxxxix) infringed the '597 Patent in violation of § 271 of Title 35 of the United States Code; (xc) infringed the '564 Patent in violation of § 271 of Title 35 of the United States Code, and that all of these wrongful activities by Waterbear were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment, and further infringement of YETI's patents, by Waterbear and its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283, 15 U.S.C. § 1116, and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Waterbear to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Waterbear's possession or control, (iii) all plates, molds, and other means of making the infringing products in Waterbear's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Waterbear's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Waterbear to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Drinkware Products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Waterbear's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and

reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117, and Tex. Bus. & Com. Code § 16.104;

8.     An award of damages adequate to compensate YETI for Waterbear's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Waterbear's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

9.     Such other and further relief as this Court deems just and proper.

Dated:  October 18, 2024                              Respectfully submitted,

                                                              By: /s/ Michael L. Krashin
                                                              Michael L. Krashin (admitted in the Western District
                                                              of Texas)
                                                              Illinois Bar No. 6286637
                                                              mkrashin@bannerwitcoff.com
                                                              Anthony J. Denis (admitted in the Western District
                                                              of Texas)
                                                              Illinois Bar No. 6329599
                                                              adenis@bannerwitcoff.com
                                                              Leon Cao (*pro hac vice* forthcoming)
                                                              Illinois Bar No. 6345536
                                                              lcao@bannerwitcoff.com
                                                              Banner & Witcoff, Ltd.
                                                              71 South Wacker Drive
                                                              Suite 3600
                                                              Chicago, IL 60606
                                                              Telephone: (312) 463-5000
                                                              Facsimile: (312) 463-5001

                                                              **ATTORNEYS FOR YETI COOLERS, LLC**